UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Trudale Raymond Williams,<br><br>Defendant. | Case No. 17-cr-00060(1) (SRN/HB)<br><br><br>**ORDER** |

Andrew S. Dunne and Nathan Hoye Nelson, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Trudale Raymond Williams, Reg. No. 15869-041, Administrative USP, P.O. Box 1002, Thompson, IL 61285, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Trudale Williams' Motion to Correct Sentence Under 18 U.S.C. § 3582(c)(2) [Doc. No. 309]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

In this matter, Williams pleaded guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 100 months' imprisonment. (*See* Sentencing Judgment [Doc. No. 247].) At sentencing, the Court found that Williams had two predicate offenses for purposes of U.S.S.G. § 2K2.1(a)(2): (1) a 2009 conviction for simple robbery committed for the benefit of a gang under Minnesota Statutes § 609.24 and (2) a 2012 conviction for possession of a firearm in furtherance of a

1

drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). (Sentencing Tr. [Doc. No. 274], at 6-8.) Williams appealed that determination, and the Eighth Circuit Court of Appeals held that Williams' simple robbery conviction is a crime of violence under the Sentencing Guidelines. *United States v. Williams*, 926 F.3d 966, 969 (8th Cir. 2019) ("As Williams acknowledges, his argument that Minnesota robbery does not qualify as a crime of violence under the Guidelines is foreclosed by precedent. . . . Williams's 2009 robbery conviction is a crime of violence." (citations omitted)).

Williams subsequently filed the instant motion, arguing that—applying the categorical approach under *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)—simple robbery is not a predicate "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2). Because Williams proceeds pro se, the Court liberally construes his motion. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

The Court finds that Williams is not entitled to relief under § 3582(c)(2), for two reasons. First, § 3582 does not permit the Court to modify Williams' sentence. Section 3582(c) provides that "[t]he court **may not modify a term of imprisonment** once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(c). The exception Williams invokes—subdivision (c)(2)—provides that a Court may reduce a term of imprisonment where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). The Sentencing Commission has not made any relevant changes to the Sentencing Guidelines since Williams' January 2018 sentencing. Therefore, Williams' arguments do not fall within the narrow scope of § 3582(c)(2). *See Dillon v. United States*,

2

560 U.S. 817, 825–26 (2010) (noting that § 3582(c)(2) "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission"); *cf. United States v. Jenkins*, No. 3:12-CR-00091-1, 2020 WL 3259796, at *2 n.3 (D.N.D. June 16, 2020) ("To the extent that Jenkins challenges whether his prior convictions would qualify as crimes of violence under . . . the categorical or modified categorical approach, § 3582(c)(2) is not the proper avenue for relief.").

More importantly, Williams' argument fails on its merits. Williams—while competently represented by his counsel, *see* Order [Doc. No. 300], at 12-13—argued to this Court that simple robbery does not qualify as a predicate crime of violence. (Sentencing Tr. at 4-5.) The Court found otherwise, *id.* at 6, and the Eighth Circuit affirmed this Court's decision, *see Williams*, 926 F.3d at 969. This Court is bound by that holding.

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Correct Sentence Under 18 U.S.C. § 3582(c)(2) [Doc. No. 309] is **DENIED**.

**IT IS SO ORDERED.**


Dated: July 27, 2021                                         s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge